O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #372 ON CRIMINAL CASE

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1249 ABC<br>CR 05-982-ABC | Date | Sept. 2, 2008 |
|---|---|---|---|
| Title | United States v. Mamdouh S. Bahna | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:**  **(In Chambers) Order on Defendant's Motion to Disqualify Judge Collins**

I.  BACKGROUND

After being sentenced for health care fraud in violation of 18 U.S.C. § 1347, on February 25, 2008, Dr. Mamdouh S. Bahna ("Dr. Bahna") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dr. Bahna's motion to vacate was assigned to Judge Collins, the judge who also presided over his criminal trial and sentencing. Presently, Dr. Bahna has filed a motion seeking to disqualify Judge Collins from hearing his motion. Dr. Bahna argues that Judge Collins should be disqualified from hearing his motion under 28 U.S.C. §§ 144 and 455 because (1) she will be unable to impartially decide his motion or (2) it appears that she will be unable to impartially decide his motion.

The Court DENIES the Dr. Bahna's motion to disqualify Judge Collins.

II.  LEGAL STANDARD

A.  Procedure for Disqualifying a Judge

28 U.S.C. § 144 establishes:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #372 ON CRIMINAL CASE

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1249 ABC <br> CR 05-982-ABC | Date | Sept. 2, 2008 |
|---|---|---|---|
| Title | United States v. Mamdouh S. Bahna | | |

or prejudice either against him or in favor of an adverse party, such judge shall proceed no further herein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Furthermore, 28 U.S.C. § 455 provides:

(a) Any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. ...

28 U.S.C. § 455.

A judge will be considered impartial unless the moving party can indicate that facts of a case fall within the mandatory criteria for withdrawal. *See Matter of Horton*, 621 F.2d 968, 970 (9th Cir. 1980). The test for disqualification under Section 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *See U.S. v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

III.   DISCUSSION

Although the express terms of Section 144 seem only to deal with actual bias as a basis for disqualification while Section 455 includes the appearance of bias as a basis for recusal, the Ninth Circuit has established that "[t]he substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *U.S. v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (citation omitted).

A.   Judge Collins' Alleged Bias

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LINK #372 ON CRIMINAL CASE

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1249 ABC<br>CR 05-982-ABC | Date | Sept. 2, 2008 |
|---|---|---|---|
| Title | United States v. Mamdouh S. Bahna | | |

     Here, Dr. Bahna essentially argues that Judge Collins should be disqualified because she has shown respect for an attorney, Mr. Terry Bird, in her courtroom. Dr. Bahna specifically argues that his motion to vacate his sentence will require Judge Collins to weigh Mr. Bird's testimony against Dr. Bahna's, and Judge Collins' apparent respect for Mr. Bird will lead her to give greater deference to his testimony.

     However, Dr. Bahna's evidence does not come close to establishing a basis from which "a reasonable person would conclude that [Judge Collins'] impartiality might reasonably be questioned." *U.S. v. Hernandez*, 109 F.3d at 1453 (citation omitted). Dr. Bahna's only evidence of Judge Collins' impartiality consists of his declaration statement that "based on my first hand observation of the interaction between Mr. Bird and Judge Collins and the favorable impression and respect shown to Mr. Bird by Judge Collins during our numerous court appearances, I question the appearance of impartiality of Judge Collins ..." (Bahna Decl., ¶ 6.) Dr. Bahna's observation that Judge Collins treated an attorney appearing in her courtroom with apparent respect does not allow a reasonable person to infer her bias towards that attorney. Dr. Bahna has submitted no evidence that shows that Judge Collins appeared to treat other attorneys or parties badly, or worse than she treated Mr. Bird. Indeed, the more reasonable inference from Dr. Bahna's evidence is that Judge Collins treats all attorneys and parties appearing in her courtroom with respect.

IV.    CONCLUSION

     For the foregoing reasons, the Court DENIES Dr. Bahna's motion to disqualify Judge Collins.

**IT IS SO ORDERED.**